IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff* | ) ) | Case No. 1:17-cv-07377 |
| *v.* | ) ) ) | |
| DAVINCI MOORE and BARBARA A. SMITH, | ) ) ) | |
| *Defendants* | ) | |

## COMPLAINT IN INTERPLEADER

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Warren von Schleicher and Rachel Beattie of Smith von Schleicher & Associates, hereby submits its Complaint in Interpleader pursuant to Fed. R. Civ. P. 22:

### PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of Illinois.

2. Defendant DaVinci Moore is the son of Willie Moore (the "Decedent"), and he resides in Robbins, Illinois and is a citizen of Illinois.

3. Defendant Barbara A. Smith is the daughter of the Decedent, and she resides in Minneapolis, Minnesota and is a citizen of Minnesota.

### JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1335 because two or more adverse claimants of diverse citizenship are claiming to be entitled to life

insurance benefits that have a value of more than $500. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. Pursuant to Northern District of Illinois Amended General Order 16-0017, MetLife simultaneously files its motion to deposit into the Court's registry the disputed benefit in the amount of $30,090.61.

5. Venue is proper pursuant to 28 U.S.C. §1397 and 28 U.S.C. § 1391(b) because one or more of the claimants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6. The Decedent's life was insured under an insurance policy, Policy No. 896431649UL (the "Policy") issued by Metropolitan Insurance and Annuity Company, and subsequently insured by MetLife. The Policy was issued with a Date of Policy of September 1, 1989, and a Specified Face Amount of Insurance of $40,000. The Decedent was the Owner of the Policy. A copy of the Policy is attached hereto as Exhibit A.

7. The Decedent's application for the Policy, dated April 11, 1989, named DaVinci Moore as the beneficiary of 100% of the death benefit. The application is attached to the Policy. (Ex. A, Policy, pg. MET00455).

8. On August 6, 2008, MetLife sent the Decedent a letter in response to his request for beneficiary information, stating that the current beneficiary was DaVinci Moore. A copy of MetLife's August 6, 2008 letter is attached hereto as Exhibit B.

9. On or about April 8, 2017, the beneficiary designation was changed using MetLife's eService website to name Barbara A. Smith as beneficiary of 100% of the death benefit. A copy of a record of the online beneficiary change request is attached hereto as Exhibit C.

10. The Policy states,

**Beneficiary –** The beneficiary is the person or persons to whom the insurance proceeds are payable when the insured dies. You may name a contingent beneficiary to become the beneficiary if all the beneficiaries die while the insured is alive. If no beneficiary or contingent beneficiary is named, or if none is alive when the insured dies, the owner (or the owner's estate) will be the beneficiary. While the insured is alive, the owner may change any beneficiary or contingent beneficiary.

**How to Change the Owner or the Beneficiary –** You may change the owner, contingent owner, beneficiary or contingent beneficiary of this policy by written notice or assignment of the policy. No change is binding on us until it is recorded at our Designated Office. Once recorded, the change binds us as of the date you signed it. The change will not apply to any payment made by us before we recorded your request. We may require that you send us this policy to make the change.

(Ex. A, Policy, pg. MET00450).

11. The Decedent died on April 26, 2017. A copy of the Decedent's death certificate is attached hereto as Exhibit D.

12. Upon the Decedent's death, benefits in the amount of $42,073.19 became payable to the proper beneficiary or beneficiaries. With the agreement of both Barbara Smith and DaVinci Moore, MetLife paid funeral and burial expenses of $2,696.80 to Cedar Home Cemetery pursuant to an Assignment of benefits signed by Barbara Smith, and $9,285.78 to Harwood Financial Company pursuant to an Assignment of benefits signed by DaVinci Moore. Copies of the Cedar Home Cemetery Assignment and the Harwood Financial Company Assignment are attached hereto as Exhibits E and F, respectively.

13. Policy benefits in the amount of $30,090.61 (the "Policy Benefits") remain payable to the proper beneficiary or beneficiaries.

14. MetLife received an Individual Life Death Claim Form signed by Barbara Smith dated May 1, 2017. A copy of Barbara Smith's May 1, 2017 Individual Life Death Claim Form is attached hereto as Exhibit G.

15. On May 5, 2017, DaVinci Moore called MetLife and stated that he believed the beneficiary change naming Barbara Smith was done fraudulently.

16. On May 10, 2017, DaVinci Moore sent MetLife a fax stating that a small file case containing documents related to the Policy, the Decedent's Social Security card, his birth certificate, and other documents was stolen from the Decedent on April 8, 2017; and that the Decedent had made a police report and put a "fraud alert" on his credit as a result. DaVinci Moore stated that there was "no way" the Decedent would have changed the beneficiary to Barbara Smith. DaVinci Moore included with his fax a copy of an April 8, 2017 police report with redactions, and a copy of a Chase credit card "security freeze" dated April 10, 2017. A copy of the May 10, 2017 fax and attachments is attached hereto as Exhibit H.

17. On May 24, 2017, MetLife sent letters to Barbara Smith and DaVinci Moore informing them of the competing claims to the Policy Benefits, and stating that if they are unable to amicably resolve the matter MetLife may have to file an interpleader action with the court. On June 1, 2017, Barbara Smith faxed a copy of the letter back to MetLife with a handwritten note on it stating "DaVinci and I will not come to an agreement." A copy of MetLife's May 24, 2017 letter, with Barbara Smith's handwritten note in response, is attached hereto as Exhibit I.

18. On June 6, 2017, DaVinci Moore spoke to MetLife by phone and stated that he had not received a copy of MetLife's May 24, 2017 letter. On June 6, 2017, MetLife emailed a copy of its May 24, 2017 letter to DaVinci Moore. A copy of the June 6, 2017 email, without attachments, is attached hereto as Exhibit J.

19. MetLife received a Life Insurance Claim Form signed by DaVinci Moore dated June 14, 2017, and another Life Insurance Claim Form signed by DaVinci Moore dated June 21, 2017. Copies of DaVinci Moore's June 14, 2017 and June 21, 2017 Life Insurance Claim Forms are attached hereto as Exhibits K and L, respectively.

20. By reason of the competing claims of DaVinci Moore and Barbara Smith, there is a dispute with regard to whom the Policy Benefits should be paid. DaVinci Moore and Barbara Smith, therefore, are competing claimants with regard to payment of the Policy Benefits, and an interpleader action is necessary to prevent MetLife from being exposed to multiple liabilities.

21. MetLife is a disinterested stakeholder with respect to whom the Policy Benefits should be paid. MetLife has no legal or proprietary interest in the outcome of any dispute that may exist between DaVinci Moore and Barbara Smith with respect to their competing claims to the Policy Benefits. MetLife has been unfairly drawn into this dispute and has been required to file this interpleader action as the only recourse to resolve any and all possible disputes between DaVinci Moore and Barbara Smith with respect to the payment of the Policy Benefits.

22. MetLife is willing to tender to the Clerk of the Court, or other Court ordered escrow representative, the Policy Benefits which are legally due from MetLife pursuant to the terms of the Policy. Upon tender of the Policy Benefits, MetLife should be released and dismissed with prejudice from any further involvement or participation in this litigation. Thereafter, DaVinci Moore and Barbara Smith should be required to interplead with each other to determine their respective rights to the Policy Benefits.

23. Because MetLife has incurred costs and fees in conjunction with its effort to resolve the issues among the competing claims to the Policy Benefits, MetLife requests an award

of its costs and reasonable attorneys' fees to the extent permitted by law, to be deducted from the Policy Benefits prior to deposit with the Clerk of the Court.

WHEREFORE, Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY, respectfully requests the Court enter an order:

(i) Permitting MetLife to deposit with the Clerk of Court, or other Court ordered escrow representative, the Policy Benefits, less MetLife's reasonable attorneys' fees and costs;

(ii) Directing DaVinci Moore and Barbara Smith to litigate or settle between themselves their competing claims to the Policy Benefits;

(iii) Restraining and enjoining DaVinci Moore and Barbara Smith, by Order and Injunction of this Court, from instituting any action or proceeding in any state or federal court against MetLife for recovery of the Policy Benefits, including any interest or claims related thereto;

(iv) Dismissing MetLife from this action with prejudice, and declaring that MetLife has no further liability to DaVinci Moore and Barbara Smith with respect to the Policy;

(v) Awarding MetLife such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

Warren von Schleicher (IL-6197189)    By: */s/ Warren von Schleicher*
Rachel Beattie (IL-6305444)                 Attorney for Interpleader Plaintiff,
SMITH | VON SCHLEICHER + ASSOCIATES    Metropolitan Life Insurance Company
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
warren.vonschleicher@svs-law.com
rachel.beattie@svs-law.com